IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON and DANAE PARKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-22-029-D |
| ) | |
| TRANSWORLD SYSTEMS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Upon examination of the Complaint [Doc. No. 1], the Court raises *sua sponte* the question of whether jurisdiction exists over any claim by Plaintiff Danae Parker.[1]

The Complaint is not signed by Danae Parker, as required by the Federal Rules of Civil Procedure, and is ineffective to bring her claims. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). The Complaint is signed by Vance Dotson, who indicates he is acting as an attorney-in-fact, but he is not a licensed attorney. A non-attorney cannot represent others in federal court. *See* 28 U.S.C. § 1654; *see also Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Also, Mr. Dotson represents that Danae Parker has "assigned 100 percent of these claim(s)" to him, referring to claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Assuming this assignment

---

[1] Because federal district courts are courts of limited jurisdiction, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and may raise the issue at any time. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

is effective under Okla. Stat. tit. 12, § 2017(D) and federal law, then Ms. Parker may lack standing to pursue the claim. "Oklahoma law has long held that, upon the assignment of a claim, 'the right of action is conferred upon the assignee' and the assignee 'acquire[s] as against the debtor all rights to which the assignor was entitled at the time of the assignment,' leaving no interest in the action in the assignor of the claim." *Redcorn v. Knox*, 2014 OK CIV APP 109, ¶ 47, 345 P.3d 392, 402-03 (quoting *Wood & Co. v. Sutton*, 1936 OK 667, ¶¶ 8-9, 61 P.2d 700, 701).[2]

For these reasons, the Court finds that Plaintiffs should be directed to show cause why any claims brought by Danae Parker should not be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiffs shall show cause in writing not later than February 7, 2022, why Danae Parker's claims should not be dismissed.

IT IS SO ORDERED this 24th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] The Court notes that in at least one other case recently filed by Mr. Dotson against these and other defendants, he has sued solely in his own name as the assignee of a consumer. *See Dotson v. Enhanced Recovery Co.*, Case No. CIV-21-1110-C (W.D. Okla. Nov. 23. 2021).