UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON<br>　　　　Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC., and<br>WORKS & LENTZ, INC., and BULL CITY<br>FINANCIAL SOLUTIONS and PHOENIX<br>FINANCIAL SERVICES, LLC., and<br>HEALTHCARE REVENUE RECOVERY<br>GROUP, LLC., d/b/a ARS ACCOUNT<br>RESOLUTION SERVICES.,<br><br>　　　　Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>) Case No. CIV-22-029-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**
FEB 01 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for actual and statutory brought by Plaintiff Vance Dotson an individual consumer, against Defendants, Transworld Systems Inc., ("TSI"), Works & Lentz, Inc., ("Works & Lentz"), Bull City Financial Solutions ("BCFS"), Phoenix Financial Services, LLC., ("PFS") and Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., ("ARS") for violations of the Fair Debt

1

Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.   PARTIES

3. Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3). Mr. Dotson has been assigned 100 percent of these claim(s) above from Denae Parker.

4. Upon information and belief, Defendant Transworld Systems Inc., is a Missouri corporation with its principal place of business located at 2135 E Primrose St, Springfield, MO 65804.

5. Upon information and belief, Defendant Works & Lentz, Inc., is a Oklahoma corporation with its principal place of business located at 3030 Northwest Expy #1300, Oklahoma City, OK 73112.

6. Upon information and belief, Defendant Bull City Financial Solutions is a North Carolina corporation with its principal place of business located at 2609 N Duke St #500, Durham, NC 27704.

7. Upon information and belief, Defendant Phoenix Financial Services, LLC., is a Indianapolis corporation with its principal place of business located at 8902 Otis Avenue, Indianapolis, IN 46216.

8. Upon information and belief, Defendant Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., is a Florida corporation with its principal place of business located at 1643 Harrison Pwky Ste., 100 Bldg H, Sunrise, FL 33323.

9. Defendants Transworld Systems Inc., Works & Lentz, Inc., Phoenix Financial Services, LLC., Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., and Bull City Financial Solutions is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

### IV. FACTS OF THE COMPLAINT

10. Defendants Transworld Systems Inc., Works & Lentz, Inc., Phoenix Financial Services, LLC., Bull City Financial Solutions and Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

11. On or about August 27, 2021, Ms. Parker reviewed her credit report on "credit karma."

12. On the report, the Ms. Parker observed a trade lines from all Debt Collectors.

13. Debt Collector (Transworld Systems Inc.,) furnished a trade line of $548, allegedly owned to SSM Health St Anthony Hospital.

14. Debt Collector (Works & Lentz, Inc.,) furnished twenty-six trade lines of $80, $80, $80, $80, $80, $80, $80, $80, $80, $80, $224, $300, $461, $461, $461, $461, $623, $623, $775, $775, $777, $1,324, $2,050, $2,310, $2,310, $4,388 allegedly owned to Norman Regional Health System.

15. Debt Collector (Phoenix Financial Services, LLC.,) furnished a trade line of $687 allegedly owned to Emergency Physicians of Mid.

16. Debt Collector (Bull City Financial Solutions) furnished a trade line of $263 allegedly owned to OU Physicians.

4

17. Debt Collector (Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services.,) furnished four trade lines of $1,231, $1,172, $824, allegedly owned to Emer Svc of Oklahoma and $757, allegedly owned to Emer Phys of Mid America PC.

18. Also on August 27, 2021, (Transworld Systems Inc.,), (Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., $1,172 and $824), (Works & Lentz, Inc., $2,310, $1,324 $623, $623, $777) Plaintiff made a dispute via telephone, however on January 7, 2022 Plaintiff re-checked her credit reports and Debt Collector failed to communicate that the debt was disputed the Plaintiff disputed.

19. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

20. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

21. Debt Collector (Phoenix Financial Services, LLC.,) reported an open date on the listed trade lines to be September 20, 2020 for trade line in the amount of $687. The open date and date of service is February 3, 2015. Therefore, the Debt Collector reported false and different

5

open/defaulted dates when the Debt Collector knew of the correct open/defaulted dates from its own records.

22. Debt Collector (Bull City Financial Solutions) reported an open date on the listed trade lines to be November 3, 2020 for trade line in the amount of $263. The open date and date of service is December 5, 2019. Therefore, the Debt Collector reported false and different open/defaulted dates when the Debt Collector knew of the correct open/defaulted dates from its own records.

23. Debt Collector (Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services.,) reported an open date on the listed trade lines to be May 19, 2020 for trade line in the amount of $1,231. The open date and date of service is March 25, 2019. Also (Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services.,) reported an open date on the listed trade lines to be February 20, 2019 for trade line in the amount of $757. The open date and date of service is January 7, 2018. Therefore, the Debt Collector reported false and different open/defaulted dates when the Debt Collector knew of the correct open/defaulted dates from its own records.

24. Debt Collector (Works & Lentz, Inc.,) reported an open date on the listed ten trade lines from May 04, 2020 to May 26, 2020 for trade lines in the amount of $80. The open date and date of service range from August 21, 2019 to January 8, 2020. Therefore, the Debt Collector reported false and different open/defaulted dates when the Debt Collector knew of the correct open/defaulted dates from its own records.

25. Debt Collector (Works & Lentz, Inc.,) reported an open date on the listed trade lines from $4,388 (open date August 02, 2019), $2,310 (open date May 18, 2020), $2,050 (open date May 06, 2019), $224 (open date May 18, 2020), $300 (open date October 18, 2019), $461 (open date May 26, 2020), $461 (open date May 26, 2020), $461 (open date May 26, 2020), $461 (open date May 26, 2020), $775 (open date May 26, 2020), $775 (open date May 26, 2020), $777 (open date February 13, 2020), $1,324 (open date April 27, 2020), $2,050 (open date May 06, 2019), $2,310 (open date May 18, 2020), $2,310 (open date May 18, 2020), $4,388 August 02, 2019) Therefore, the Debt Collector reported false and different open/defaulted dates when the Debt Collector knew of the correct open/defaulted dates from its own records.

7

26. Debt Collector's materially lowered Ms. Parker credit score by reporting false information to consumer reporting agencies.

27. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the FICO Scores, personal, credit reputation of Ms. Parker and caused severe humiliation, and emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
(Defendant's Transworld Systems Inc., Works & Lentz, Inc., Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services.,)
15 U.S.C. §1692e(8)

28. Mr. Dotson re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29. The Debt Collector's violated the FDCPA.

30. The Debt Collector's violations include, but are not limited to, the following:

The Debt Collector's violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies that alleged debt was in dispute by Ms. Parker.

## VI. SECOND CLAIM FOR RELIEF
(Defendant's Works & Lentz, Inc., Phoenix Financial Services, LLC., Healthcare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Services., and Bull City Financial Solutions)
15 U.S.C. §1692e(8) 15 U.S.C. §1692e(2)

31. Mr. Dotson re-alleges and reincorporates all previous paragraphs as if fully set out herein.

32. The Debt Collector's violated the FDCPA.

33. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector's violated 15 U.S.C § 1692e(8) 15 U.S.C. §1692e(2) of the FDCPA by reporting to a third party (consumer reporting agencies) false information when it knew from its own records the true open date.

34. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

*Vance Dotson* (signature)

Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)

## ASSIGNMENT OF CLAIM FOR DAMAGES

FOR VALUE RECEIVED, the <u>Danae Parker</u> ("Assignor"), whose address is <u>2620 Belknap Ave Norman OK 73072</u> hereby transfers 100% interest to Vance Dotson ("Assignee"), whose address is 425 W. Wilshire Blvd Ste., E, Oklahoma City, OK 73116, and its successors, assigns, and personal representatives, any and all claims, demands, and cause or causes of action of any kind whatsoever, which the undersigned has or may have against any person or persons arising from the following types of claims:

1. the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;
2. the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692p,
3. Uniform Commercial Code, Article 9, Part 6,
4. the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and
5. any applicable state laws related to a consumer law, tort, and negligence legal claims.

The Assignee may in its own name, or under the Assignor's name, and for its own benefit prosecute, collect, settle, compromise, and grant releases on said claim(s) in its sole discretion deems advisable. Signature or action on this Assignment by Assignee constitutes acceptance. Your assistance is needed until the closing of the case.

Signed under seal on the date indicated below.

**ASSIGNOR**

_DParker_                                                        _Aug 27, 2021_
                                                                                Date