UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TRANSWORLD SYSTEMS INC., | ) |
| and WORKS & LENTZ, INC., and | ) |
| BULL CITY FINANCIAL | ) |
| SOLUTIONS and PHOENIX | ) Case No. 5:22-CV-00029-D |
| FINANCIAL SERVICES, LLC., and | ) |
| HEALTHCARE REVENUE | ) |
| RECOVERY GROUP, LLC., d/b/a | ) |
| ARS ACCOUNT RESOLUTOINS | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT PHOENIX FINANCIAL SERVICES, LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Phoenix Financial Services, LLC (PFS), through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submits this Motion for Judgment on the Pleadings and states as follows:

**I.     INTRODUCTION**

*Pro se* plaintiff Vance Dotson filed a Complaint against PFS asserting Fair Debt Collection Act (FDCPA) claims arising from collection efforts on a debt owed by Danae Parker. Ms. Parker allegedly assigned Mr. Dotson 100% of her FDCPA claims. *See* Doc. No. 11 at ¶ 3, Doc. No. 11, pg. 11.

1

However, Oklahoma law prohibits the assignment of a non-contractual claim, such as an FDCPA claim. *See* 12 OKLA. STAT. § 2017(D). Therefore, Ms. Parker's assignment of claims is invalid and Mr. Dotson's lawsuit should be dismissed.

I. **FACTS**

On or about January 10, 2022, Plaintiff Vance Dotson ("Mr. Dotson") and Danae Parker filed a Complaint alleging PFS violated the FDCPA while seeking to collect a debt owed by Danae Parker. Doc. No. 1. Mr. Dotson is a natural person residing in Oklahoma City, Oklahoma. *Id.* ¶ 2. Mr. Dotson makes no allegation that he is an attorney at law admitted to practice before this Court. Instead, Mr. Dotson claims that he "has been assigned 100 percent" of any FDCPA claim that he seeks to assert from Danae Parker ("Ms. Parker"). *Id*. ¶ 2 and pg. 11 ("Assignment of Claim for Damages").

On February 1, 2022, Mr. Dotson amended the lawsuit to remove Danae Parker as a named plaintiff. *See* Doc. No. 11. Specifically, Mr. Dotson alleges that PFS improperly reported the "Date Opened" to the credit reporting agencies while seeking to collect a debt Ms. Parker owed to Emergency Physicians of Mid in violation of 15 U.S.C. §§1692e(2) and e(8). *Id.* at ¶ 15. Mr. Dotson alleges that PFS has "severely damaged the FICO scores, personal credit reputation of Ms. Parker and caused severe humiliation, and emotional distress and mental anguish." *Id.* at ¶ 27

Mr. Dotson's assignment lawsuit is not an isolated matter. In fact, Mr. Dotson has filed numerous lawsuits as an assignee of FDCPA claims on behalf of various consumers.[1]

---

[1] A search of the United States District Court for the Western District of Oklahoma's court records reflects 15 open matters where Mr. Dotson is the plaintiff and brings claims based upon an assignment of FDCPA claims from various consumers.

In essence, Mr. Dotson is using the assignments as a means to practice law without a license.

## II. LAW AND ARGUMENT

### A. Standard for Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as both rules test whether the allegations in the complaint state a plausible claim for relief. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000), *citing Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 528 (10th Cir.1992). In assessing the sufficiency of the allegations, the Court first isolates the well-pleaded factual allegations from recitations of the elements of the cause of action and/or conclusory, "naked assertions" devoid of "further factual enhancement," the latter of which must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Next, the Court determines whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### B. Mr. Dotson's Claims Should be Dismissed Because FDCPA Claims Are Not Assignable Under Oklahoma Law

Oklahoma law governs whether a claim based upon a federal statute can be assigned. *See Momand v. Twentieth Century Fox Film Corp.*, 37 F.Supp. 649, 655 (W.D. Okla. 1941). Oklahoma prohibits the assignment of claims not arising from contract. *See* 12 O.S. 2011 § 2017(D); *United Adjustment Servs., Inc. v. Pro. Insurors Agency, LLC*, 2013

OK CIV APP 67, ¶ 20, 307 P.3d 400, 404 (2013) ("We conclude that an action growing out of a tort pure and simple, like the one involved in this case ... is not assignable.")

FDCPA claims are most frequently compared to tort claims. *See, e.g. Oglesby v. Rotche*, 1993 WL 460841 at *10 (N.D. Ill. 1993); *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990, 998 (11th Cir. 2020) ("[t]he closest historical comparison [for FDCPA claims] is to causes of action for fraudulent or negligent misrepresentation . . ."). The Tenth Circuit analyzed the assignability of another consumer protection statute, the Telephone Consumer Protection Act, finding that those claims were not assignable because they are "in the nature of personal-injury, privacy claims." *US Fax L. Ctr., Inc. v. iHire, Inc.,* 476 F.3d 1112, 1120 (10th Cir. 2007).

Similarly, the FDCPA claims here are personal-injury, privacy-type claims and therefore, are not assignable. PFS had no contractual relationship with Denae Parker. Further, plaintiff's claims under 15 U.S.C. §1692e relate to providing false information to the credit bureaus, which allegedly caused her personal, severe humiliation, emotional distress and mental anguish. *See* Doc. No. 11. These claims are analogous to a claim of defamation. Finally, the emotional distress/mental anguish damages requested are generally only available in successful tort actions.

Since plaintiff's FDCPA claims do not arise out of contract, the claims are not assignable and plaintiff's lawsuit against PFS should be dismissed.

C. **CONCLUSION**

Mr. Dotson cannot withstand the present motion for judgment on the pleadings because the FDCPA claims asserted are not assignable under Oklahoma law. Thus, PFS

4

respectfully requests that the Court dismiss Mr. Dotson's claims with prejudice and award such other and further relief as the Court deems just and equitable.

Dated: April 29, 2022                             Respectfully Submitted,


                                                */s/ Justin T. King*
                                                Justin T. King, Esq.
                                                King Law Firm
                                                24 NE 53rd Street
                                                Oklahoma City, OK 73105
                                                Telephone: (405) 239-6143
                                                Facsimile: (405) 236-3934
                                                Email: king@king-lawfirm.com
                                                *Attorney for Defendant*
                                                *Phoenix Financial Services, LLC*


## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2022, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Western District of Oklahoma and served upon all counsel of record via CM/ECF.

                                                /s/     Justin T. King