IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, )<br>    )<br>        Plaintiff, )<br>    )<br>v.    )    Case No. CIV-22-29-D<br>    )<br>TRANSWORLD SYSTEMS, INC., *et al*., )<br>    )<br>        Defendants. ) | |

## ORDER

Before the Court are Defendant Works & Lentz, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 28] and Defendant Phoenix Financial Services, LLC's Motion for Judgment on the Pleadings [Doc. No. 48]. Plaintiff Vance Dotson has responded [Doc. No. 33] in opposition to the first motion, which raises a jurisdictional issue under Fed. R. Civ. P. 12(b)(1).[1] The time for a response to the second motion has expired. *See* 6/10/22 Order [Doc. No. 52]. The Court finds the Motions are fully briefed and ripe for decision.[2]

Mr. Dotson brought this action against numerous defendants to recover actual and statutory damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. He is currently proceeding under the Amended Complaint [Doc. No. 11].

---

[1] Defendant Works & Lentz also initially challenged the sufficiency of service under Fed. R. Civ. P. 12(b)(5) but later abandoned that part of its motion. *See* Notice of Acceptable Service [Doc. No. 29].

[2] Defendant Works & Lentz filed a reply brief [Doc. No. 39] under LCvR7.1(i), and both defendants filed notices of supplemental authority [Doc. No. 50 and 51] permitted by LCvR7.1(m).

Mr. Dotson and the movants are the only remaining parties and, thus, are referred to simply as "Plaintiff" and "Defendants."

Plaintiff alleges that he is a consumer, that Defendants are debt collectors, that Defendants violated § 1692e(8) by failing to inform consumer reporting agencies certain debts of another individual, Danae Parker, were disputed, and that Defendants violated § 1692e(9) by providing false information to consumer reporting agencies regarding Ms. Parker's debts. *See* Am. Compl., ¶¶ 3, 10, 30, 33. Although not stated in the current pleading, Ms. Parker was originally joined as a plaintiff and alleged to be a consumer. *See* Compl. [Doc. No. 1] ¶ 3. By the Amended Complaint, however, Plaintiff brings the action for himself based on a claim that he "has been assigned 100 percent" of Ms. Parker's FDCPA claims. *See* Am. Compl. ¶ 3. To support his claim for damages, Plaintiff alleges that Defendants' "publishing of such inaccurate and incomplete information has severely damaged the FICO scores, personal, credit reputation of Ms. Parker and caused severe humiliation, and emotional distress and mental anguish." *Id*. ¶ 27. Specifically, Defendants "materially lowered Ms. Parker['s] credit score by reporting false information to consumer reporting agencies." *Id*. ¶ 26.

Defendant Works & Lentz seeks a dismissal under Rule 12(b)(1) for lack of standing, arguing that Plaintiff cannot sue for harm suffered by Ms. Parker or a violation of her rights. Works & Lentz asserts that Article III standing requires Plaintiff to show a "concrete injury" but Plaintiff fails to allege he suffered any harm. *See* Works & Lentz's Mot. at 6-7 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Plaintiff instead bases his FDCPA claims on an assignment of Ms. Parker's claims to him. Works & Lentz

challenges the assignment as invalid under Oklahoma law and thus ineffective to confer standing. *Id*. at 4-5. Because the Motion challenges the sufficiency of Plaintiff's pleading under Rule 12(b)(1), Plaintiff's well-pleaded factual allegations are accepted as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995).

Defendant Phoenix Financial Services seems to view the assignment as an element of Plaintiff's claims and challenges its validity by a motion under Fed. R. Civ. P. 12(c). Under these circumstances, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the question presented by this Motion is whether the factual allegations of the Amended Complaint state a plausible FDCPA claim on which Plaintiff can recover damages from Defendants. *See* Phoenix Fin. Servs.' Mot. at 3-4.

Plaintiff does not dispute that the FDCPA claim asserted in this case is not founded on his own injury or personal harm resulting from Defendants' alleged conduct. Instead, Plaintiff argues that the assignment of Ms. Parker's claim is valid and that he has standing to bring her claim under the Supreme Court's decision in *Sprint Communications Co. v. APCC Services, Inc*., 554 U.S. 269 (2008). Plaintiff contends Ms. Parker's assignment transferred her rights and FDCPA claims against Defendants to him.

3

Works & Lentz's Motion asserting a lack of constitutional standing raises a jurisdictional issue that must be decided before reaching the merits of Plaintiff's claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception"); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (Article III standing is jurisdictional requirement). As framed by Plaintiff's allegations and the parties' arguments, Plaintiff's standing hinges on the validity of Ms. Parker's assignment of her FDCPA claims to Plaintiff.

Upon consideration of this issue, the Court finds that Plaintiff has failed to establish his standing to bring this FDCPA action. First, the Court finds that the validity of the assignment that Plaintiff received from Ms. Parker is governed by state law, specifically Oklahoma law. The Tenth Circuit considered in *US Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007), whether federal statutory claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, are assignable. The court applied a choice-of-law analysis to determine that state law governed the issue of assignability. *See iHire*, 476 F.3d at 1118-19 & n.5. Applying the analysis here, Oklahoma law governs the validity of assignments made in Oklahoma.[3]

Oklahoma follows the traditional rule that only contract rights are assignable; claims sounding in tort, such as personal injury and privacy claims, cannot be assigned. *See* Okla.

---

[3] Even if federal common law governed the assignability issue, the common law rule is that claims arising from torts are not assignable. *See Lottie v. Midland Credit Mgmt., Inc.*, Case No. CIV-21-1171-PRW, 2022 WL 2286768 at *2 (W.D. Okla. June 23, 2022); *see also Dotson v. Pa. Higher Educ. Assistance Agency*, Case No. CIV-21-1203-F, 2022 WL 1630908 at *2 (W.D. Okla. May 23, 2022).

4

Stat. tit. 12, § 2017(D) ("The assignment of claims not arising out of contract is prohibited."). FDCPA claims under § 1692e(8) and § 1692e(9) concern communications of allegedly false credit information, and as stated in Plaintiff's pleading, a debt collector's misconduct harms a consumer's "personal [and] credit reputation." *See* Am. Compl. ¶ 27. These asserted claims seek to remedy a personal harm, not a contractual one, and thus are legally unassignable. *See Lupia v. Medicredit, Inc.*, 8 F.4th 1185, 1191 (10th Cir. 2021) (noting similarities between FDCPA claims and privacy torts); *see also iHire*, 476 F.3d at 1120 (finding "TCPA claims are unassignable because they are in the nature of personal-injury, privacy claims"). Here, as in *iHire*, the Court finds that the purported assignment of consumer claims was invalid and did not transfer the assignor's claims to Plaintiff.

    The Court finds that Plaintiff's reliance on *Sprint* is misplaced. In *Sprint*, the plaintiffs were collection firms or debt "aggregators" who took assignments of claims from payphone operators and sued long-distance carriers to recover compensation due for connecting long-distance calls. *See Sprint*, 554 U.S. at 271-72. The claim assigned in *Sprint* was one for money owed – that is, the defendant's debt to the assignor, assigned for purposes of collection – and the validity of the assignment was not disputed. *See Sprint*, 554 U.S. at 271-72, 286. Plaintiff does not allege that Defendants owed Ms. Parker money or that she assigned Plaintiff a debt for collection, and here, the assignment was invalid.

    Finally, "an invalid assignment defeats standing if the assignee has suffered no injury in fact himself." *iHire*, 476 F.3d at 1119. Plaintiff does not allege any injury of his own, and therefore, he has no standing to bring the FDCPA claims asserted. Without standing, the Court lacks jurisdiction, and the action must be dismissed without prejudice

to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits") (emphasis in original).

**IT IS THEREFORE ORDERED** that Defendant Works & Lentz, Inc's Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 28] and Defendant Phoenix Financial Services, LLC's Motion for Judgment on the Pleadings [Doc. No. 48] are **GRANTED** as set forth herein. This action is **DISMISSED** without prejudice for lack of jurisdiction. Because this Order disposes of all remaining parties, a separate judgment shall be entered.

**IT IS SO ORDERED** this 8th day of July, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge